IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN VALENTIN,<br>    Plaintiff | : | CIVIL ACTION |
| | : | NO. 18-1984 |
| v. | : | |
| | : | |
| ESPERANZA HOUSING COUNSELING,<br>    Defendant | : | |

## MEMORANDUM

**JONES, II    J.**                                                                                           **July 31, 2019**

### I.    INTRODUCTION

Before this Court is Defendant Esperanza Housing Counseling's Motion to Dismiss Plaintiff Jonathan Valentin's Third Amended Complaint, which alleges race-based "harassment, hazing, denial of services and legal representation" by Defendant's staff. (Third Am. Compl. ¶¶ 2, 8 (ECF No. 16-1).)  For the reasons set forth below, Defendant's Motion to Dismiss shall be granted.  Plaintiff's Third Amended Complaint is dismissed with prejudice.

### II.    BACKGROUND

Plaintiff is a resident of Philadelphia. (Third Am. Compl. 10.)  Defendant is a Philadelphia faith-based nonprofit organization serving Hispanic persons. ESPERANZA, HTTPS://WWW.ESPERANZA.US (LAST VISITED JUL. 29, 2019).  Plaintiff participated in Defendant's credit and housing counseling program from 2008 until his file was closed on May 13, 2016. (Third Am. Compl. ¶¶ 1, 3.)  Defendant's counselors assisted Plaintiff with a PHFA mortgage grant after Plaintiff received an Act 91 Notice advising him of his lender's intention to foreclose on his home. (Third Am. Compl. ¶ 1, 4.) Plaintiff alleges that in 2014 three of Defendant's staff insisted he sell his property to his mother's current husband, and began to harass, haze, and deny

him services once his PHFA mortgage grant was exhausted.  (Third Am. Compl. ¶ 2.)  Plaintiff claims Defendant's staff called him a "Spick" on more than one occasion and publicly questioned him regarding his inability to speak Spanish or "help out" with his "own race."  (Third Am. Compl. ¶ 7.)  Plaintiff also claims Defendant closed his file in 2016 because of his inability to communicate in Spanish and his refusal to attend Defendant's voluntary workshop programs.  (Third Am. Compl. ¶ 3.)  Additionally, Plaintiff alleges Defendant mistreated him because of his criminal history, level of education, financial situation, and family status.  (Third Am. Compl. ¶ 9.)  Defendant eventually referred Plaintiff to a different housing and credit-counseling agency, Philadelphia's Unemployment Project ("PUP"), to further assist with his Act 91 Notice and his unemployment compensation application.  (Third Am. Compl. ¶ 4.)  Plaintiff attempted to engage this new agency, but PUP had limited capacity and resources.  (Third Am. Compl. ¶ 6.)  After this dead-end referral, and Esperanza's alleged "illegal and intentional case file dismissal," Plaintiff brought his grievances to this Court.  (Third Am. Compl. ¶ 9.)

On May 8, 2018, Plaintiff filed a *pro se* Complaint, alleging the aforementioned race-based harassment, hazing, and denial of services.  (ECF No. 2.)  On June 20, 2018, without seeking leave, Plaintiff filed a *pro se* Amended Complaint containing similar allegations.  (ECF No. 6.)  Defendant answered on August 10, 2018.  (ECF No. 9.)  On November 26, 2018, without seeking leave or notifying the Court, Plaintiff filed a *pro se* Second Amended Complaint under the cover of an unrelated motion, elaborating on the allegations in his Amended Complaint but omitting previously included exhibits.  (ECF No. 12.)  Plaintiff did likewise on January 28, 2019, filing a *pro se* Third Amended Complaint.  (ECF No. 16.)  Plaintiff's Third Amended Complaint invokes: The Fair Debt Collection Practices Act, 15 U.S.C. § 1692(d); The United States Naval Code, 10 U.S.C. § 8464; and Title VI of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000d. (Third Am. Compl. ¶¶ 10-18.) Plaintiff seeks monetary relief for lost income, expenses, and legal fees in the aggregate amount of $251,741.76. (Third Am. Compl. ¶ 19.) In response to Plaintiff's Third Amended Complaint, on March 19, 2019, Defendant filed the instant Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (ECF No. 22.)

## III. STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). An inquiry into facial plausibility consists of three parts: "(1) identifying the elements of the claim; (2) reviewing the complaint to strike conclusory allegations; and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

It is incumbent upon a plaintiff to plead with clarity. *Iqbal*, 556 U.S. at 678. Courts must liberally construe a *pro se* plaintiff's pleadings. *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011). Nevertheless, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Phillips*, 515 F.3d at 233 (internal quotations marks and citation omitted). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

### A. Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act ("FDCPA") protects consumers from abusive, deceptive, or otherwise unfair debt collection practices. 15 U.S.C. § 1692. To establish a facially plausible claim under the FDCPA, a Plaintiff must show: "(1) he is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a debt as FDCPA defines it; and (4) the defendant has violated a provision of the FDCPA in attempting to collect debt." *St. Pierre v. Retrieval Masters Creditors Bureau Inc.*, 898 F.3d 351, 358 (3d Cir. 2018). Assuming arguendo, Plaintiff is a consumer, his Amended Complaint fails to state a claim because it does not assert, let alone show, that Defendant is a debt collector, that Defendant attempted to collect a debt, or that Defendant violated a provision of the FDCPA. Furthermore, Defendant appears to be outside the ambit of the FDCPA, whose definition of "debt collector" specifically excludes a "nonprofit organization which, at the request of customers, performs bona fide customer credit counseling." 15 U.S.C. § 1692(a)(6)(E). Therefore, amendment would be futile and Plaintiff's FDCPA claim is dismissed with prejudice.

### B. United States Naval Code

This Court construes Plaintiff's Amended Complaint as seeking relief for "hazing" under 10 U.S.C. § 8464, which defines and prohibits hazing at the United States Naval Academy. However, the provision cited by Plaintiff is part of the Uniform Code of Military Justice

("UCMJ"), which applies only to certain—generally military-related—persons, as enumerated in 10 U.S.C. § 802. Plaintiff fails to allege any facts to show Defendant is subject to the UCMJ. Therefore, the provision of the UCMJ cited by Plaintiff is not applicable and Plaintiff's related claim is not cognizable as presented. Furthermore, this Court is not aware of any applicable federal or Pennsylvania hazing law. Thus, amendment would be futile and Plaintiff's hazing claim is dismissed with prejudice.

### C. Title VI of the Civil Rights Act of 1964

Title VI of the Civil Rights Act of 1964 ("Title VI") provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI is not applicable to claims against programs or activities not receiving federal financial assistance. *Id.* The program at issue must be the direct recipient of federal financial assistance. *Cureton v. NCAA*, 198 F.3d 107, 114 (3d Cir. 1999). Plaintiff incidentally shows that Defendant's program is approved by the U.S. Department of Housing and Urban Development ("HUD") (Am. Compl. Ex. D (ECF No. 6)), but he does not link HUD approval to federal funding or otherwise show Defendant's program is a direct recipient of federal financial assistance as required under Title VI. Therefore, Plaintiff fails to state a claim under Title VI and said claim is dismissed.

Even if Plaintiff could show Defendant is a program or activity receiving federal financial assistance, his Title VI claim would still fail. To state a prima facie[1] case under Title VI, the

---

[1] Courts apply the *McDonnell Douglas* burden shifting analysis to Title VI claims. *Gazarov v. Diocese of Erie*, 80 F. App'x 202, 203 (3d Cir. 2003). However, because Plaintiff does not show that Title VI applies to Defendant and because Plaintiff fails to make it past the first step of the analysis—the prima facie case, this Court will not lay out the framework here.

complaint must allege facts that would show Plaintiff: "(1) was a member of a protected class; (2) qualified for the program at issue; (3) suffered an "adverse action;" and (4) this adverse action occurred under circumstances giving rise to an inference of discrimination." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 274-75 (3d Cir. 2014). Furthermore, private individuals who bring suit under Title VI may not recover compensatory relief unless they can show intentional discrimination. *Blunt*, 767 F.3d at 272. Plaintiff does not allege he is a member of a protected class, but this Court can infer he is a racial minority (Hispanic) because he claimed he was called a "Spick" by Defendant's counselors and questioned about his ability to speak Spanish or help his "own race." (Third Am. Compl. ¶ 7.) Plaintiff also fails to allege he is qualified for the program at issue, but this Court can infer as much based on the fact that he participated in it for eight years. Assuming arguendo, Plaintiff is a member of a protected class and is qualified for the program he participated in, Plaintiff still fails to state a claim under Title VI because he has not shown an adverse action or an associated inference of intentional discrimination.

Adverse action is not clearly defined in the Title VI context. However, to be cognizable in the civil rights context, an adverse action generally must be material. *Burlington Northern & Santa Fe Ry. V. White*, 548 U.S. 53, 68 (2006). More significantly for present purposes, an adverse action normally deters a reasonable person from exercising some protected activity. *Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (surveying adverse action jurisprudence in the substantive employment context, the prison context, and the First-Amendment retaliation context). Implicit in this latter requirement is a sub-requirement that the activity in which a plaintiff engaged prior to the alleged adverse action be a protected activity.

The adverse action alleged by Plaintiff is the closure of his file by Defendant and the subsequent denial of "services, benefits, legal counsel, legal representation, and program reentry." (Third Am. Compl. ¶ 8.) However, Plaintiff does not established that engaging the free services of a non-profit counseling organization is a protected activity. Furthermore, he does not show that the organization's decision to limit such services to a period of eight years is materially adverse.

Finally, Plaintiff's inference-of-discrimination allegations are too tenuous to establish the requisite fourth element of a Title VI prima facie case—an inference of intentional discrimination associated with the specific, alleged adverse action. Plaintiff alleges some of Defendant's staff called him a "Spick" and criticized his Spanish-speaking abilities and his contributions to his "own race." (Third Am. Compl. ¶ 7.) However, Plaintiff fails to show a nexus between these allegations and the adverse action he alleges. Furthermore, the operative inference that Plaintiff is Hispanic, when considered in light of the fact that Defendant's mission is to serve Hispanic members of the community cuts against an inference of discrimination.[2] Furthermore, the fact that Defendant endeavored to help Plaintiff for eight years before closing his file evinces a degree of patience that cuts against an inference of impulsive intentional discrimination. Thus, Plaintiff fails to establish the third and fourth elements of a prima facie case under Title VI and, were Defendant subject to suit under Title VI, his associated claim would still be dismissed. Plaintiff, however, may seek leave to amend his Title VI claim if he

---

[2] The fact that Plaintiff's race is the same as the race served by Defendant is not necessarily dispositive since same-race discrimination is cognizable. *See, e.g., Devine v. Pittsburgh Bd. Of Pub. Educ.*, No. 2:13-cv-220, 2015 U.S. Dist. LEXIS 74988 at *8 (W.D. Pa. Jun. 10, 2015) (holding that "[p]laintiff's same-race discrimination theory … is cognizable."). However, without more from Plaintiff, this Court finds the alignment of Plaintiff's race with the particular race served by Defendant to be persuasive.

can cure it. Fed. R. Civ. P. 15(a); *see also Parker v. Google*, 242 F. App'x 833, 839 (3d Cir. 2007).

   D.  **Section 1981**

Defendant's Motion to Dismiss liberally construes Plaintiff's Amended Complaint as asserting a claim under 42 U.S.C. § 1981. (Mot. Dismiss 4.) Such an interpretation is reasonable given the nature of Plaintiff's claims. § 1981 "offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship." *Mahmoud Sayed-Aly v. Tommy Gun*, 170 F. Supp. 3d 771, 775 (E.D. Pa. 2016) (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)). To state a claim under § 1981 the Plaintiff must prove: "(1) [h]e is a member of a racial minority; (2) intent to discriminate on the basis of race by the Defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute[,] which includes the right to make and enforce contracts." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). Further, to establish a violation of § 1981, "[a] specific factual basis must be pled to create the inference of discrimination." *Frederick v. Se. Pa. Transp. Auth.*, 892 F. Supp. 122, 125 (E.D. Pa. 1995).

As above, this Court infers the first element—that Plaintiff is a member of a racial minority. However, Plaintiff fails to establish the remaining elements. The standard for establishing an "intent to discriminate on the basis of race is identical in the Title VI and §1981 contexts." *Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002). Therefore, as above, Plaintiff fails to establish intent to discriminate on the part of Defendant. Lastly, and significantly for present purposes, Plaintiff does not allege that a contractual relationship existed between him and Defendant or that he sought to create a contractual relationship with Defendant. Therefore, his § 1981 claim is dismissed. *See Domino's Pizza,*

*Inc.*, 546 U.S. at 479-80 (noting a plaintiff cannot state a claim under § 1981 "unless he has (or would have) rights under the existing (or proposed) contract that he wishes to make or enforce.") (internal quotations omitted). Plaintiff, however, may seek leave to amend his § 1981 claim if he can cure it. Fed. R. Civ. P. 15(a); *see also Parker v. Google*, 242 F. App'x 833, 839 (3d Cir. 2007).

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss shall be granted. Plaintiff's Amended Complaint shall be dismissed. An appropriate order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. Darnell Jones, II    J.